I .MURRAY, Judge.
Richard Shields has appealed the dismissal of his suit against his ex-wife on the basis of prescription.
Richard and Mary Ann Ledet Shields filed for divorce in 1987. Their divorce became final in March 1990. After the petition for divorce was filed, but while the couple was still married, Mr. Shields filed suit against Mrs. Shields alleging that her actions in recording and disclosing conversations between him and his son, Stewart, violated federal and state anti-wiretapping statutes.
No action was taken on this suit until after the marriage was dissolved by divorce. Mrs. Shields filed several exceptions to the suit by Mr. Shields, including an exceptions of prematurity and prescription. Following hearing on August 12, 1994, the trial court entered judgment dismissing the action as prescribed.
Mrs. Shields argues that the suit, which was premature when filed because she and Mr. Shield were neither divorced nor judicially separated, could not act as interruption of prescription of the claim for interspousal tort. Since such a claim must be filed within one year after a final judgment of divorce, she argues further that the claim has prescribed.
|2We disagree. There is no question that the suit was premature when filed, and could have been dismissed on an Exception of Pre *1058 maturity before the divorce was finalized. See, La.Rev.Stat. 9:291 (West 1991) However, the suit was not dismissed before the dissolution of the marriage, and was still pending when the divorce became final in March of 1990. It, therefore, interrupted prescription. The judgment of the trial court dismissing Richard Shields’ claim against his former wife is reversed.[1]
REVERSED.

. Mr. Shields amended his petition on March 14, 1994 to include a claim for his minor son, Stewart. Pursuant to La.Civ.Code Art. 3469, prescription on this claim is suspended during Stewart's minority.